Next case is James Chest v. Secretary of Veterans Affairs, 2007-7303. Mr. Morris, when you are ready. MR. MORRIS May it please the Court, Ryan Morris for the claimant appellant, James N. Chest. Your Honors, the undisputed facts here are that the Regional Office did not undertake the specific steps in the September 2003 Board Remand Order and instead merely sent a letter to Mr. Chest in 2004 because they did not take those steps and because they did not achieve the primary purpose of the Board's Remand Order. However, it cannot be substantial compliance as a matter of law. It is undisputed that Mr. Chest is ill and his illness is service related. The only question was the extent of his illness and whether higher disability ratings were in order. And on that question, the treatment records of his treating physician, Dr. Martin S. Kleinman, were crucial. THE COURT The issue here is whether or not there was substantial compliance with the Board Remand Order. MR. MORRIS The Court below said substantial compliance and the Secretary said that ends the matter, except that as a matter of law, substantial compliance cannot be met because the Regional Office did not take any steps under the Board's Remand Order and did not achieve the purpose of the Board Remand Order. THE COURT Why is that a question over which we have jurisdiction? I mean, you can say as a matter of law they didn't, but if we're trying to determine, if it's a question of whether or not, did what they do constitute substantial compliance or did it not, why is that a question over which we have jurisdiction? MR. MORRIS That is merely a legal determination as to undisputed acts. THE COURT It's applying the law to the facts. MR. MORRIS Under this Court's precedent, in cases such as Wood v. Peek and Bailey v. Zemraj, this Court has said when there are undisputed facts, this Court can evaluate legal principles and apply them to the specific facts of a case when those facts are undisputed. And that is a question of law this Court has jurisdiction to consider and not a question of fact. It's like a summary judgment standard. Once the Court determines that the facts are undisputed, it merely applies those facts, and that is a question of law. THE COURT We lack jurisdiction to determine facts or to apply law to facts. MR. MORRIS I'm sorry, Your Honor? THE COURT We lack jurisdiction to determine facts or to apply law to facts. MR. MORRIS We lack jurisdiction to resolve factual disputes. THE COURT We interpret statutes and regulations. MR. MORRIS We interpret statutes and regulations. THE COURT And rules of law. MR. MORRIS And rules of law, as amended by the Benefit Act of 2002. THE COURT But we don't deal with application of law to facts. MR. MORRIS Not when there is an underlying dispute as to a fact. But when the facts are undisputed, again, in Zemraj, Bailey, and most recently in Woodley Peak, this Court has said that it can, on undisputed facts, apply the law to those facts. It did this again in De La Rosa. The Court looked at it and said the harmless error standard, as it applies here, gives a certain result. That's this Court's jurisprudence as set down in several cases thus far under the new amendment to this Court's jurisdiction. Therefore, it has jurisdiction. MR. KINZER This is, to me, one of the slipperiest aspects of our jurisprudence, is trying to distinguish between legal questions under this strange jurisdictional provision that we struggle with and distinguishing legal principles from applications of law. In fact, in the end, I'm not sure there's a nice, bright line between them. Is it the case, let me test the breadth of your proposition, are you suggesting any time the historical facts are undisputed, that what emerges from a conclusion that an adjudicative body, in this case the Court, reaches is necessarily a legal conclusion and not an application of a higher level legal conclusion to particular facts? In other words, to put it in terms that are sometimes used, are we talking about facts in the form only of historical facts or historical facts and ultimate facts? To put it in this case, we have a set of historical facts. We then have what one could call an ultimate fact, the conclusion that substantial compliance was achieved. And we have an overriding legal principle from Stigall's indictment that the requirement is there, that there be compliance with remand orders, but that it need only be substantial compliance. Now, if we say that's the correct legal standard, what gives us the authority to go one step farther and say, and what's more, we've looked at these historical facts, and we conclude that the ultimate determination that there was substantial compliance in this case is something that we can review? I think under this Court's jurisprudence, when those facts are undisputed, that that determination of substantial compliance is a determination as a matter of law. Well, sometimes it is. I mean, to take the Bailey case, for example, in equitable tolling, you have certain categories of cases. And you can really say that if you've got category X, and the Court says, under these circumstances, there is equitable tolling, you've really applied a rule of law. I'm not so sure it applies in a situation like this in which you have a very complex set of underlying facts, and in which the Court looks at all those facts and says, you know what, we think there's substantial compliance. Well, when you're applying a rule of law, as set down by Diment and Evans, which sets out the specific factors here, and on the undisputed historical facts, as it were, it does not rise to substantial compliance. I mean, I think that's what Diment and, or, excuse me, Bailey was trying to set out, is when there's no dispute as to a particular fact, suppose there was an intent requirement, and the Court below had determined intent against one party or the other. That party couldn't then, on challenging it, come up with an argument that there was, in fact, intent or not intent. That would be beyond this Court's jurisdiction. But when they're undisputed, when the facts, as set forth, are undisputed, the determination, the ultimate determination, under Woods v. Peek and the other cases from this Court's jurisprudence, establish that that's a legal determination. In fact, I think Woods v. Peek says that when the facts are undisputed, the application to those facts is one of law this Court can review and not one of fact. But the medical treatment records from Dr. Michael Kleinman were crucial, and after years of proceedings, the Board finally determined, or sent forth a directive to the regional office with explicit terms that said, with the form submitted from the appellant in May 2003, request all medical treatment records from Dr. Michael Kleinman. It also instructed them to take other steps if they could not achieve those records, such as explaining which records they did not obtain, as well as informing Mr. Chast of the steps it took. Now, as we've established, it is clear that regional offices must follow the terms of the Board remand, and the Veterans Court below said substantial compliance, and that's enough. But as I've said here before today, the standard for that under Evans and Diment is that they undertake certain steps outlined in the Board remand order and achieve the purpose of that, and that was not met here. In what respect, what was the most egregious failure? They did nothing. I mean, all they did was send a letter to Mr. Chast in March 2004, but they did not undertake any of the steps. They did not request Dr. Kleinman's records with the May 2003 form as specifically directed, nor did they request the records. They asked him to sign a relief. A new form. Right. That's correct. But they didn't request the records from Dr. Kleinman as specifically directed with the May 2003 form or otherwise. They felt they weren't entitled to, right? They felt they weren't entitled to. Under the new statute, he hadn't given approval. Right. There were other steps. But that would have been remedied if he had filled out the form and given them approval. It would have. Right. Yes, it could have remedied their concerns on that. Right. Under HIPAA, Dr. Kleinman could release records in response to a court order like a remand in this case. But moreover, there are other steps. I'm sorry. I didn't hear what you said. Under HIPAA, he could or he couldn't? Could have. In response to a ‑‑ during an administrative proceeding, he could have released records in response to a court order. Yes. No, I was just listening. Moreover, there are other steps that the regional office arguably could have taken. But what if a case where you get a remand and he's already filled out the forms and they get the remand and they say you should get the records and then they look in their briefcases and they can't find the form. They've lost it. Somebody's misplaced it. And they don't feel comfortable without having an actual original copy of it, of proceedings. So they go back to him and they say, I need a copy. Do you say that's not substantial compliance either? It would depend on steps they did to try and remedy the failure. That means they could take a variety of steps. Well, here they tried to get another form because they believed that the form that they had was inadequate, right? Right. And what more should they have done? They could have requested an order from the board, a subpoena, for example. They could have ‑‑ But isn't that an extraordinary remedy? Simply asking the claimant to give consent is a sensible thing for them to do, which they did. It is fairly sensible, Your Honor. That is correct. And if they'd gone to a subpoena, they would have been in violation of the remand order technically too. I don't see how that wouldn't have been, you know. As a technical matter, you're correct. But depending on whether or not they achieved the purpose of the remand order and other steps, they may have been in substantial compliance as opposed to in these circumstances where they didn't. You know, the more we talk, the more this sounds just intensely factual. I mean, we're arguing, not arguing, we're discussing the question of what would have constituted substantial compliance. And then to, well, what if they'd asked him what if there had been an administrative hearing and the doctor had shown up? What if they had taken other steps that might have not strictly been in accordance with the remand order but would have shown a little more energy on the part of the agency? And it again brings me back to the question of whether this is really what Congress intended for us to do. They really gave us pretty strong directions to stay out of an area that was intended to be reserved in accordance with Veterans Claims, dealing with anything other than the sort of pronouncement of legal, governing broad legal principles as I read the legislative history. Maybe there's just been a lot of, you know, water over the dam since then. But it just does strike me that this is awfully getting way down into the details in a very factual sort of a way. I think in determining any type of legal principle, I mean, as oral argument typically reveals, there are a lot of hypotheticals dealing with the legal rule that may be pronounced by the court. And so the fact that we're dealing with a variety of legal hypotheticals or what ifs isn't necessarily getting into the nitty-gritty factual findings of the court. Well, that's right. No one's contesting. You're absolutely right. No one's contesting the question of whether a letter was sent. Although, of course, there is one big factual question of the enclosure. But setting that aside, I mean, you're right that for the most part they are undisputed historical facts. But the question that I'm butting up against is the problem that the consequences of the various pieces of conduct that we have here need one to conclude either that there was substantial compliance or that there wasn't. Accepting the legal principle that substantial compliance is A, necessary and B, sufficient, then it seems to me we're now, once we get beyond that, we're really delving into a pretty detailed factual question. At least that's the way it strikes me. Sure, Your Honor. Under Morgan, this Court explained that it can now review rules of law, including judicial rules. Sure. Judicial rules set down as typically just a legal standard that arises from specific facts. Such as the Stigall rule. Such as the Stigall rule. Stigall would be the case in point. Exactly. Substantial compliance. Because you're dealing with a legal rule that arises from certain factual scenarios, inevitably you're going to come up against specifics of a case because you're trying to apply a legal principle and how that legal principle works against undisputed facts. See, my time's up. Unless there are any questions, I'll reserve the remainder for everybody. Are you comfortable? I'm fine. We'll give you three minutes of rebuttal back. Ms. Kidmiller. Thank you. May it please the Court. This appeal is highly fact-intensive. And the premise upon which Mr. Chess argues for this Court to exercise jurisdiction is his assertion that we have a situation of undisputed fact here. But we have many factual disputes. First and foremost, whether the regional office complied with the Board's remand order. I think, to be fair, Mr. Morris' position is that's not a question of fact. He's saying the factual questions are what did they do? And except for the enclosure issue, I think he's probably right that what did each person do in this scenario is probably undisputed. Don't you agree? I would agree with that. So the question is, he would say, what is the legal consequence of what each party did? Is the legal consequence that there was substantial compliance or is the legal consequence that there wasn't? Which is another way of saying, what's the exact test for substantial compliance? What is the legal test such that we could say these undisputed facts lead us to the conclusion that there was or wasn't? Even if what everyone did in this case is undisputed, what the legal effect of applying a particular rule of law to those facts is is going to be an application of law to fact, which of course is another area that is excluded from this Court's jurisdiction by 7292. But his answer to that is no. We can apply law to facts. The distinction is whether the facts that we're talking about are disputed or undisputed. That's what I understood his argument to be. Is the government's view that that's correct under the case law? He cited some cases. No. We do not have an undisputed fact here regarding the regional office's compliance. Mr. Chess asserts that the undisputed fact is that the regional office did nothing. In contrast, we have a board order here that in Paragraph 1 told the regional office to use the 2003 form to obtain Dr. Kleinman's records. But then in Paragraph 4 said, take the above steps in the prior three paragraphs, and then it quoted, to the extent possible. So we have the board order itself here. Even if perfect hyper-technical compliance with remand orders were necessary, we'd then bump up against the application of that standard to the facts of this case, which again is something that is precluded from this Court's jurisdiction. Of course, here the board issued the remand order with the ultimate purpose. Again, Mr. Chess asked the Court to look at the purpose of the remand order as well, of making sure that the regional office complied with the relevant statutory and regulatory duties. The board found such compliance here. The Veterans Court affirmed that decision. And it's not the proper role of this Court to then step in and say, no, we're going to overturn the board's application of law to fact and the assessment of its own remand order. If the facts were undisputed, do you agree that we would have jurisdiction to review the application of the law to those undisputed facts? Possibly. And I say possibly because the analysis would start first with the question whether there's some issue of interpretation or the validity of a rule of law here. We do not believe that to the extent Stiegel contains a rule of law that it is a valid rule of law. But assuming that it is a valid rule of law, then the Court could resolve that kind of very narrow question of the validity. So, for example, is the standard compliance or is it some sort of perfect hyper-technical compliance? That does seem to be the type of question over which this Court possesses jurisdiction. I think there can be little doubt that the question of, for example, whether perfect compliance as opposed to substantial compliance would be a rule of law that I think we could all agree on. But it's the next level down when you ask the question, and to follow up on Judge Leary's question, if you've got all the historical facts agreed upon, and the question is, do those historical facts amount to substantial compliance? Having already decided that substantial compliance is the correct legal standard, is that question a legal question? And you say no. I say no, definitely not in this case. Now, as this Court has observed, for example, in Morgan, in some of the equitable tolling cases, the Court has recognized a certain narrow type of factual setting where the Court says it's not then a matter of fact. It becomes a matter of law because essentially the facts are so undisputed. But this case is very different than a situation where it's undisputed that, for example, a statute of limitation gave 60 days, the veteran filed 63 days later, and nobody has any dispute about that, and it's just a matter of applying the correct legal principle to those facts. Here, the application necessarily involves an assessment of whether of harmless error. I mean, as an initial matter, we don't concede that there was any error here, that we do firmly believe that the regional order complied with the remand order as written. But even if there were some kind of error, the Court still has to determine whether there was harmless error. And even in this Court's recent decision in Wood, which Mr. Chess raises in his 28J letter, the Court explained that the harmless error question itself can often involve application of law to fact, factual questions, and it does here. You're familiar with the Semraj case cited by Mr. Morris? Somewhat, Your Honor, yes. Did you argue it? No, Your Honor. Oh, okay. But all right. I know you're on a lot of these cases, so you may have personal familiarity with them. Do you disagree, and if you happen to have a copy of it there? I have some of my own notes on it. Okay. At page 1375, and Mr. Morris quoted, I think, some of this. I mean, yeah. I'm sorry, I do have a copy. Could you repeat that page, please? Yeah, 1375. If you do have a copy of it, I can direct you to the... At Headnote 3, there's a discussion of the way that the panel analyzed the difference between law and fact, or application of law to fact and law and interpretation of law. Do you agree with that characterization generally, if you could take a look at it? Or would the government have problems with that? Well, at the risk of being non-responsive, I will say that... It's an open-ended question. I do know that we are respectfully are not in complete agreement with the court's analysis here, and more fundamentally in the Morgan case. Right. But I really think that's something that I would have to do further briefing on, that I'm not able to answer definitively what our position would be. Okay, but in both of those cases, I think you're quite right, that we've sort of moved the line at least a little bit from the pure question of law, that is to say, you know, harmless error applies in veterans' cases, or substantial compliance is required. And we did it in Bailey, too, which I'm responsible for. But the question is, is there a stopping point that allows us to say in a case such as Bailey, and you've referred to the equitable tolling, that we're doing something which still is an application of law to fact, but at the same time, it doesn't open up all cases to our jurisdiction except disputes over historical fact. Yes, there's definitely a stopping point. All right, now try to articulate that line for me, because it's a very hard line, at least for me, to draw. I think the articulation is that both in this court's jurisdictional statute, both 7292A, which gives this court's jurisdiction over rules of law, regulation of statutes, and 7292D2B, the challenge to a law or regulation or rule of law, although the statute doesn't explicitly say that, is applied to the facts of a particular case. Those two provisions are both still in the statute, and they have to coexist. That's our problem. We have to find a way to coexist. So how do you articulate the line that allows them to coexist and gives us some kind of principled basis for distinguishing one case from the next? Well, two possible articulations. The first would be where there is this inequitable tolling case or something that is so similar that there really isn't any dispute whatsoever about the facts. The other types of cases where we've seen the court then apply a rule of law to the factual setting is where there's absolutely no dispute in the record or the parties aren't even disputing. If memory serves, the de la Rosa case involved an example like that. When the court reached the harmless error question, there was a finding by the board that I believe was undisputed by the parties that there was absolutely no evidence of record that there had been any harm to the veteran in that case. And that can be contrasted then to a case like Wood where the court comes to apply the harmless error analysis and faces some competing medical opinions, and it would involve weighing of those opinions, and the court would have to get its hands dirty, so to speak, with the facts or the application of law to fact. And that latter situation is precisely what we have here where the parties are still in a fundamental disagreement about whether the RO's actions complied with the remand order. And the board and the veterans court properly found that they did, and more relevantly, that the RO complied with the statutory duty to assist, the statutory duty to notify, and the other regulatory and statutory obligations here. Diamond, this court's decision in Diamond, controls this case and says that this court does not have jurisdiction over this kind of question, compliance with the remand order. And for that reason, we ask the court to dismiss the case for lack of jurisdiction or to dismiss the case. Thank you, Ms. Kidmiller. Morris has a little rebuttal time. Your Honors. Now, you acknowledge Diamond, right? And you say, well, we should take it amok, right? Diamond is distinguishable because it was decided before this court's jurisdiction was amended under 7292 to consider rules of law or the validity of a decision by the veterans court on a rule of law. And this court's follow-on jurisprudence interpreting that to say that you can apply legal principle to an undisputed set of facts. Your Honors, in response to the government's position, the standard, I believe, is the standard set forth in Zemraj, which is there's no dispute of fact, there's no factual issue involved. The historical facts, as it were, were undisputed. This court can review the application of that standard to those facts, and that is a question of law for this court to consider under its statutory mandate. Again, returning, it's like the summary judgment standard that is applied all the time. You say that the amendment that gave us jurisdiction to review rules of law, rulings of law, eliminates the limitation on application of law to fact? That's a pretty strange way to eliminate a clear restriction. There would have been much clearer ways to have done that if that's what Congress intended. Correct. It doesn't eliminate that issue. What it does is it explains that that is driven towards issues when there's a factual dispute, and this court is called upon to resolve a factual dispute. That's not this case. This case doesn't deal with that particular scenario, and under this court's precedent, it's a legal determination based on the historical facts, and because there was no substantial compliance, this court should reverse and remand. Well, D-2, if I recall, I don't have it in front of me at the moment, but if I recall D-2, it talks about we can't get into resolving pure factual disputes or application of law to fact. It seems to me that if you argue that the only thing that is an application of law to fact is when you have a dispute about the historical facts, you've collapsed those two into one, haven't you? Let me ask the question this way. Give me an example of something that, in your view, would be outside of the scope of the pure factual dispute but still prohibited from us reaching by virtue of the application of law to fact. Suppose there was a situation in which an intent requirement were to be met in order to determine whether a legal standard, and in applying whether or not that standard was met on those facts, there was a dispute that arose about the intent requirement. That would involve, I think under Zemraj, that would involve the application of law to fact as well because there's this dispute as to a factual issue. A dispute as to the underlying facts or a dispute as to the conclusion one reaches from the historical facts as to whether there's an intent? In that case, there would be both. Because it's an ultimate fact? I mean, I hate that word, but I don't have a better one. Ultimate conclusion. Conclusion of law? Yes. Under this Court's jurisprudence, it would be a conclusion. Okay. Thank you, Mr. Morris. The case will be taken under revised.